FINLAY, PLAINTIFF AND APPELLANT, *v.* FABIÁN, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in a Proceeding for Approval of a Bill of Costs in an Action for Divorce.

No. 1622.—Decided March 23, 1917.

COSTS—STENOGRAPHER'S RECORD.—Under the provisions of section 5 of the Act of March 10, 1904, relating to official stenographers in the district courts, no objection can be made to an item for fees paid to an official stenographer included in the memorandum of costs on the ground that the stenographic record was not necessary for the purpose of the action, especially when, as in the present case, the attorney for the mover testified under oath at the hearing that he requested the record in order to prepare a brief to be presented to the court, as the case was to be submitted on briefs.

ID.—ID.—PRESUMPTION—BURDEN OF PROOF.—There is a presumption that the official stenographer created by the Act of March 10, 1904, charges what he is justly entitled to collect, namely, ten cents per folio of one hundred words, and therefore when the memorandum of costs contains an item for fees paid to an official stenographer for services admittedly rendered it devolves upon the party objecting to the same to show that the amount paid does not conform to law.

The facts are stated in the opinion.

*Messrs. Enrique González Mena* and *Juan B. Soto* for the appellant.

*Mr. Francisco Soto Gras* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action for divorce brought by Josefina Finlay against Rafael Fabián in the District Court of San Juan, Section 1, judgment was rendered on May 22, 1916, dismissing the com-

plaint and sustaining the cross-complaint, decreeing as a consequence the dissolution of the bonds of matrimony between the parties on the ground set up in the cross-complaint and imposing the costs and disbursements upon the plaintiff and cross-defendant, Josefina Finlay.

The attorney for defendant Fabián filed a memorandum of the costs and disbursements, verified by said attorney, including the following items: One of $10 for secretary's fees, another of $7 for traveling expenses to Humacao, the third of $100, amount paid the stenographer for the stenographic record in the proceeding for custody, and the last of $350 paid to the said official for the stenographic record of the oral trial.

The attorney for Josefina Finlay opposed the second item on the ground that the defendant's trip to Humacao was not necessary for the purposes of the suit, and opposed the third and fourth items on the ground that the records to which they refer were not essential to the ends sought in the action.

After the hearing, at which the only evidence introduced was the testimony of Attorney Francisco Soto Gras who represented the defendant and cross-plaintiff Fabián, the court, on December 4, 1916, entered an order allowing the item for secretary's fees and the sum of $350 paid for the stenographic record of the oral trial and refusing to allow the other two items for traveling expenses to Humacao and $100 for the stenographic record in the proceeding for custody. The attorney for Josefina Finlay appealed from that order, in so far as it prejudiced the interests of his client, and bases the appeal on the ground that the defendant and cross-plaintiff did not introduce evidence to show that the item of $350 was paid to the stenographer according to section 5 of the Act of March 10, 1904, providing for the appointment of official stenographers of the district courts.

The pertinent part of the said section reads as follows:

"It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which.

a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action.''

As is seen, the appellant does not justify the objection to the item of $350 paid to the stenographer on the ground alleged in the lower court—that is, that the defendant did not need the stenographic record. That objection is baseless, taking into account the statutory provision transcribed in connection with the testimony of Attorney Soto Gras, who avers that he asked for the stenographic record of the trial and paid $350 for it in order to prepare a brief to present to the court inasmuch as the case was submitted to the court on briefs.

Nor is it denied that the said amount was paid, but the objection is that there was no evidence to show that the stenographer was paid the fees to which he was entitled under the said section, or ten cents for each one hundred words. This question was not raised in the district court, where, as stated, the appellant alleged only that the defendant did not need the stenographic record of the oral trial, and, therefore, we might abstain from considering that question. It is not a new one, but has been decided by this court in the cases of *Torres* v. *Irizarry* and *Succession of Colladu* v. *Pérez et al.*, 19 P. R. R. 341 and 348, respectively. We said then that a memorandum of costs has in its favor the guaranty of the oath. which accompanies it and the presumption that it is a true statement of the facts; and, in view of the special circumstances of the case at bar in relation to the item of $350 which the defendant paid the stenographer for the record of the oral trial, there is the presumption in favor of the stenographer that he collected the amount to which he was lawfully entitled, or ten cents for each one hundred words, in the absence of a showing to the contrary by the plaintiff and cross-defendant, the appellant herein.

The decision of the District Court of San Juan, Section 1, should be affirmed as to the part appealed from.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.